Interim Decision #1668

MATTER OF WAR MEMORIAL HOSPITAL

In Visa Petition Proceedings

DET-N-3004

*Decided by Regional Commissioner September 8, 1966*

A Canadian pathologist of distinguished merit and ability, who from time to time will cross the border to a neighboring hospital in Michigan, when that hospital's regular pathologist is away, to perform only isolated pathological services which cannot be delayed until the return of the staff pathologist, is eligible for nonimmigrant classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, since he will perform only isolated emergent pathological services and will not occupy the position of pathologist, which is a permanent one, in the absence of the staff pathologist.

The case is on appeal from the Acting District Director's denial of the petition to classify a nonimmigrant as an alien of distinguished merit and ability to perform temporary services of an exceptional nature.

The petitioner, War Memorial Hospital, is a general hospital located in Sault Ste. Marie, Michigan. The hospital desires to employ the services of the beneficiary of the petition as a pathologist in emergencies when the hospital's regular pathologist is not available.

The beneficiary, Dr. Fredric Percival Sparks, is a citizen of Canada, born in that country on October 16, 1901. Evidence has been presented that he received the degree of doctor of medicine from the University of Alberta, Canada, on May 16, 1933; that he is a registered licentiate of the Medical Council of Canada; and that he was issued a Specialist Certificate in pathology and bacteriology by the Royal College of Physicians and Surgeons of Canada on February 1, 1947. He resides in Sault Ste. Marie, Ontario, and is a pathologist at Plummer Hospital in that city, which is across the border from Sault Ste. Marie, Michigan.

Dr. Sparks would be employed irregularly for emergency pathological work when the petitioner's regular pathologist is away, for example, for medical seminars or for short periods of vacation. Dr. Sparks would be paid from the petitioner's laboratory fund at the

rate of $75 per autopsy and $10 per tissue examination. He would return to his post at Plummer Hospital in Sault Ste. Marie, Ontario, upon completion of each emergency procedure.

The Acting District Director denied the petition on the ground that the work to be performed in the United States is not temporary in nature, in that the position is a permanent one and the petitioner's desire to use the beneficiary for irregular service on emergency work does not alter the permanent character of the position.

On appeal, the petitioning hospital states that there is no other pathologist in the area upon whom it can call; that Dr. Spark's services would be used three to six times a year to take care of emergency surgical specimens only, and an occasional autopsy, during the absence of the regular pathologist; and that routine specimens accumulated during the latter's absence are processed by him after his return.

Section 214(c) of the Immigration and Nationality Act provides for the importation of an alien as a nonimmigrant under section 101(a)(15)(H) upon the petition of the importing employer. Section 101(a)(15)(H) defines such alien insofar as pertinent here as follows:

An alien having a residence in a foreign country which he has no intention of abandoning (i) who is of distinguished merit and ability and who is coming temporarily to the United States to perform temporary services of an exceptional nature requiring such merit and ability; . . . .

The petition and the supporting documents before us establish that the beneficiary of the petition has a residence in a foreign country which he has no intention of abandoning; that he is of distinguished merit and ability; that he would be coming temporarily to the United States; and that the services he would be coming to perform are of an exceptional nature requiring such merit and ability. The only question to be resolved is whether those services are temporary in nature.

While the position of pathologist at the petitioning hospital must be considered to be a permanent one, the beneficiary will not occupy that position when the staff pathologist is away. He will perform from time to time only isolated pathological services which are emergent and cannot be delayed until the return of the staff pathologist. Therefore, we conclude that the services the beneficiary would perform are temporary services within the meaning of section 101(a)(15)(H) cited above.

Since the requirements of the statute have been met, the petition is approvable. Accordingly, the following order will be entered:

*It is ordered* that the petition be approved.

897